UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

   v.                                         Case No. 20-CR-204

JOHN P. FISCHER,

        Defendant.

---

## DECISION AND ORDER GRANTING MOTION TO ABATE THE CRIMINAL PROCEEDINGS *AB INITIO*, VACATE CONVICTION, AND DISMISS CASE

---

John P. Fischer pled guilty to one count of social security fraud in violation of 42 U.S.C. § 1383a(a)(3)(A) on July 2, 2021. On November 22, 2021, Fischer was sentenced to 18 months of imprisonment and was to pay $73,539.54 in restitution and a $100.00 special assessment. Judgment was entered the next day. On November 24, 2021, Fischer died, apparently by suicide. Defense counsel subsequently filed a motion to abate the criminal proceedings in this case *ab initio*, vacate the conviction, and dismiss the case.

Under the doctrine of abatement, "death pending direct review of a criminal conviction abates not only the appeal but also all proceedings had in the prosecution from its inception." *Durham v. United States*, 401 U.S. 481, 483 (1971). "The rationale for the abatement doctrine is that the interests of justice ordinarily require that a criminal defendant not stand convicted without resolution of the merits of his appeal, which is an integral part of our system for finally adjudicating his guilt or innocence." *United States v. Volpendesto*, 755 F.3d 448, 453 (7th Cir. 2014) (internal quotation marks, brackets, and citations omitted). The doctrine rests on the notion that the

government "should not label one as guilty until he has exhausted his opportunity to appeal." *Id.* (internal quotation marks and citations omitted). The Seventh Circuit has held that "the death of an appellant during the pendency of his appeal of right from a criminal conviction abates the entire course of the proceedings brought against him" and that, without a final criminal conviction, "there can be no order of restitution . . . ." *Id.* at 452, 454.

The Government asserts that the doctrine of abatement does not apply in this case because Fischer did not file an appeal and thus no appeal was pending at the time of his death. However, abatement applies not only to defendants who have filed notices of appeal but also to defendants who had the right to file a notice of appeal but died before they are able to file such a notice. *See United States v. Oberlin*, 718 F.2d 894, 896 (9th Cir. 1983); *see also Volpendesto*, 755 F.3d at 453 ("The doctrine rests on the idea that the state should not label one as guilty until he has exhausted his opportunity to appeal." (internal quotation marks and citations omitted)). As one district court has observed: "The more modern finality/appellate rights rationale is based on the principle that abatement protects the appellate right, and reflects the fact that if a conviction has not been tested, and due to the defendant's death cannot be tested by an appeal, it is not truly final, and it would be unjust to allow the conviction to stand." *United States v. Bourgeois*, No.10-207, 2019 WL 2524601, at *1 (E.D. La. June 19, 2019) (citing *United States v. Parsons*, 367 F.3d 409, 413 (5th Cir. 2004)). A judgment of conviction is not final until the time for filing a direct appeal expires. *See* 28 U.S.C. § 2255. Although Fischer did not file a notice of appeal before his death, the time to file a notice had not expired and thus his conviction was not final at the time of his death.

The Government also suggests that Fischer waived his right to appeal by taking his own life. Though the Seventh Circuit has not addressed this issue, the Ninth Circuit has held that a defendant cannot waive his right to appeal by killing himself and "[t]he contention that suicide is

2

the 'ultimate waiver' is without merit." *Oberlin*, 718 F.2d at 896; *but see United States v. Chin*, 633 F. Supp. 624, 627–28 (E.D. Va. 1986) (holding that defendant's suicide was an indication that "he chose to take his life instead of pursing the appeals procedure which he knew would have been available to him"). Though there may be sound reasons for change, the Court concludes that, as it now stands, the law requires abatement regardless of the cause of Fischer's death. Applying the doctrine of abatement irrespective of the cause of a defendant's death "eliminates the myriad of problems which would arise from requiring courts to determine whether the defendant's death was voluntary or involuntary." *State v. McDonald*, 144 Wis. 2d 531, 538, 424 N.W.2d 411 (1988) (holding that, when a defendant dies while pursuing postconviction relief, the defendant's right to appeal continues, irrespective of the cause of death, but noting that the defendant is not entitled to have the criminal proceedings abated *ab initio*). Fischer did not waive his right to appeal as part of his plea agreement or by ending his life. Because his conviction was not final at the time of his death, the doctrine of abatement applies. The judgment of conviction, including the order for restitution, must therefore be vacated and the forfeiture action dismissed. The government remains free, of course, to seek recovery through a civil action against Fischer's estate, but its criminal proceeding is abated *ab initio*.

For the reasons set forth, Defendant's motion to abate the criminal proceedings in this case *ab initio*, to vacate the conviction, and dismiss the case (Dkt. No. 54) is **GRANTED**. The November 23, 2021 Judgment is **VACATED**, and the Indictment is **DISMISSED**.

**SO ORDERED** at Green Bay, Wisconsin this 6th day of December, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
